# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
December 13, 2012

Lyle W. Cayce
Clerk

No. 12-50069
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FELIPE VALENZUELA-SANCHEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:11-CR-2088-1

Before STEWART, Chief Judge, and OWEN and GRAVES, Circuit Judges.

PER CURIAM:[*]

Felipe Valenzuela-Sanchez (Valenzuela) appeals the within-guidelines, concurrent 33-month sentences he received following his guilty plea to attempted illegal reentry into the United States after deportation and misuse of a passport. *See* 8 U.S.C. § 1326; 18 U.S.C. § 1544. Valenzuela argues that his sentence is unreasonable. He specifically contends that the district court did not consider that the illegal reentry sentencing guideline overstates the seriousness of the offense, that he had a benign motive for illegally reentering the country, and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that he now had incentives to remain in Mexico after deporation. He further argues that his sentence is not entitled to a presumption of reasonableness because the illegal reentry guideline, U.S.S.G. § 2L1.2, is not based on empirical data or national experience.

Generally, we review sentences for reasonableness in light of the sentencing factors in 18 U.S.C. § 3553(a). *United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009). First, we consider whether the district court committed a significant procedural error. *Gall v. United States*, 552 U.S. 38, 49-51 (2007). If there is no error or the error is harmless, we review the substantive reasonableness of the sentence imposed for an abuse of discretion. *Id.* at 51; *United States v. Delgado-Martinez,* 564 F.3d 750, 753 (5th Cir. 2009). Because Valenzuela did not raise his substantive reasonableness argument in the district court, we review for plain error only. *See United States v. Peltier*, 505 F.3d 389, 392 (5th Cir. 2007). Valenzuela acknowledges that, under current precedent, his substantive reasonableness argument is subject to plain error review, but he asserts that no objection was required because the reasonableness determination is the unique province of the appellate courts. Valenzuela raises the issue to preserve it for possible future Supreme Court review.

When reviewing the reasonableness of a sentence within a properly calculated guidelines range, we generally will infer that the district court considered the sentencing factors set forth in the Sentencing Guidelines and § 3553(a). *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). The record reflects that the district court considered Valenzuela's arguments for a lower sentence but implicitly overruled his arguments and concluded that a within-guidelines sentence was appropriate. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008). We decline Valenzuela's invitation to reweigh the § 3553(a) factors because "the sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular

defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008).

As he concedes, Valenzuela's empirical data argument is foreclosed by this court's precedent. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009); *Mondragon-Santiago*, 564 F.3d at 366-67 n.7. His sentence, which is at the bottom of the guidelines range, is presumed reasonable. *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 766 (5th Cir. 2008). His general disagreement with the propriety of his sentence and the district court's weighing of the § 3553(a) factors are insufficient to rebut the presumption of reasonableness that attaches to a within-guidelines sentence. *See United States v. Ruiz,* 621 F.3d 390, 398 (5th Cir. 2010); *United States v. Cooks,* 589 F.3d 173, 186 (5th Cir. 2009).

Valenzuela has not demonstrated that the district court plainly erred by sentencing him to within-guidelines, concurrent 33-month prison terms. *See Gall*, 552 U.S. at 51; *Peltier*, 505 F.3d at 392. Accordingly, the judgment of the district court is AFFIRMED.